IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RECKO ELLIS,                          :
                                      :
         Plaintiff,                   :
                                      :
VS.                                   :    CIVIL ACTION NO.: 7:06-CV-127 (HL)
                                      :
Captain DWIGHT PEETE,                 :
                                      :
         Defendant.                   :    **RECOMMENDATION**

Plaintiff **RECKO ELLIS**, a pretrial detainee at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis*.

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff complains that his cell is not being sanitized with bleach or other cleaners. According to plaintiff, he fears that he may have been exposed to hepatitis due to these unsanitary conditions.

The Court notes that plaintiff is a pretrial detainee at the Lowndes County Jail. The Eleventh Circuit Court of Appeals has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the [E]ighth [A]mendment for convicted persons." *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir.1985). Under the Eighth Amendment (and the due process clause), prison officials have a duty to provide humane conditions of confinement and a duty to ensure that prisoners receive adequate food, clothing, shelter, and medical care. *See Hudson v. McMillian*, 503 U.S. 1 (1992); *Hudson v. Palmer*, 468 U.S. 517 (1984). However, the Supreme Court has made it clear that the Constitution requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). To prevail on an Eighth Amendment claim (and a due process clause claim), plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) that prison officials acted with "deliberate indifference," that is, the officials knew of and

disregarded an excessive risk to inmate health and safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

Plaintiff's allegation regarding his unsanitary cell is not sufficiently serious enough to implicate the Constitution. Moreover, plaintiff's allegations that the unsanitary conditions might have "exposed [him] to possible hepititas (sic)," is simply too speculative to go forward.

For these reasons, the Undersigned **RECOMMENDS** that plaintiff's claims regarding his unsanitary cell and possible exposure to hepatitis be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 8th day of January, 2007.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


lnb