# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **RECKO ELLIS,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:06-cv-127(HL) |
| **Captain DWIGHT PEETE,** | : | |
| Defendant. | : | |

# ORDER

The Recommendation of United States Magistrate Judge Richard L. Hodge, entered January 8, 2007 (Doc. 4), in the above-captioned case is before the Court. The Magistrate Judge recommends that Plaintiff's claims regarding unsanitary cells be dismissed because his allegations are not sufficiently serious enough to implicate the Constitution. The Magistrate Judge also recommends that Plaintiff's claims regarding possible exposure to hepatitis be dismissed as too speculative. Plaintiff filed a document titled "Motion for Appeal," which the Court will treat as objections to the Recommendation. Having considered the objections and the Recommendation, the Court rejects the Recommendation for reasons more fully set forth below.

Plaintiff, Recko Ellis, is a pretrial detainee confined at the Lowndes County Jail. Ellis has filed a civil action under 42 U.S.C. § 1983, in which he complains about the unsanitary conditions of the jail and, in particular, the manner in which he is being confined. More specifically, Ellis alleges that he has been confined with inmates who have active tuberculosis

and, as a result, has been exposed to the disease. He further alleges that he has been exposed to hepatitis because he has been confined in a cell that not only does not get bleached or sanitized but does not get cleaned. Noting that the Constitution neither requires comfortable prisons nor that every amenity be satisfied, the Magistrate Judge recommended that Ellis's allegations regarding unsanitary conditions and possible hepatitis exposure be dismissed.[1] Ellis responded to the Recommendation by filing the "Motion for Appeal," in which he more fully described the unsanitary conditions of his confinement and even included a photograph of a toilet, ostensibly one which he is forced to use. He contends that he has set forth allegations that are sufficient to state a claim of deliberate indifference to inmate health and safety.

The conditions under which a pretrial detainee is held are scrutinized under the Fifth and Fourteenth Amendments. Jordan v. Doe, 38 F.3d 1559, 1564 (11th Cir. 1994) (citing Bell v. Wolfish, 441 U.S. 520, 535 & n.16, 99 S. Ct. 1861, 1871 & n.16 (1979), and Hamm v. Dekalb County, 774 F.2d 1567, 1572 (11th Cir. 1985)); the conditions under which convicted prisoners are held are scrutinized under the Eighth Amendment. Jordan, 38 F.3d at 1564. For the most part, however, the distinction is in name only because the minimum standard allowed by the due process clause for pretrial detainees for such basic necessities as food, living space, and medical care is the same as that allowed by the Eighth Amendment for convicted prisoners. Id. at 1565 (citing Hamm, 774 F.2d at 1574). Under the Eighth Amendment standard, courts seek to ascertain whether conditions of confinement serve to deprive inmates of the minimal civilized measure of life's necessities. Id. In this regard, a convicted prisoner seeking to maintain a

---

[1] In a separate order, the Magistrate Judge directed that Ellis's claim concerning exposure to tuberculosis should go forward.

claim that prison conditions violate his constitutional rights must allege, at a minimum, that the conditions have deprived him "'of a single human need.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 305, 111 S. Ct. 2321, 2327 (1991)). With respect to the conditions of confinement of pretrial detainees, however, courts must also consider "whether those conditions amount to punishment of the detainee." Bell v. Wolfish, 441 U.S. 520, 535, 99 S. Ct. 1861, 1872 (1979).

Here, Ellis has alleged that he is exposed to hepatitis because he is confined to a cell that does not get cleaned, bleached or sanitized. Certainly, prison officials cannot guarantee that their facilities will be free of all disease. They do, however, have an obligation to take steps to minimize the risk of disease and to reduce the occasions on which their prisoners are knowingly exposed to disease. Confining any prisoner to a facility where officials fail to take adequate steps to minimize the risk of disease serves to deprive that prisoner of, at a minimum, the basic human need to be confined in sanitary conditions. Certainly a pretrial detainee who has yet to be convicted of the offense for which he is being confined ought not have his health compromised during the period of confinement.

It is the opinion of this Court that Ellis's complaint is sufficient to survive initial review. The Court agrees with the Magistrate Judge that merely alleging exposure to hepatitis, without more, might be too speculative to state a claim. However, Ellis has offered more by coupling his allegations of exposure with allegations of practices that are so unsafe and unsanitary as to result in conditions of confinement that fail to meet the minimum standards of decency. *Cf.* Jordan, 38 F.3d at 1565 (finding pretrial detainee's allegations that he was held in overcrowded, unsanitary local jails that served contaminated food and contained fire hazards were sufficient to state a claim under the Due Process Clause of the Fifth Amendment). Accordingly, Ellis's

claims should be allowed to go forward; the Recommendation of dismissal as to his claims of unsanitary conditions and exposure to hepatitis is hereby rejected.

**SO ORDERED**, this the 13th day of February, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls